## EASTERN EXPRESS CO. *v.* MESERVE & *a.*

A contract of M., an expressman on the E. Railroad between Great Falls and Boston, to withdraw from that road as expressman on his own account, and to do no express business or in any way be connected with or interested in any express running over that road, and not to do any express business over any other road running between those places, is not broken by his working for daily wages as a messenger on the B. & M. Railroad between the same places in the employment of another expressman.

DEBT, on an agreement under seal whereby the defendants, copartners in the express business, in July, 1874, agreed with the plaintiffs, in consideration of $800, (1) to withdraw from the Eastern and the Portsmouth, Great Falls & Conway railroads as expressmen on their own account; (2) to do no express business, or in any way be connected with or interested in any express which may run over said roads; (3) not to do any express business over any other road or roads running to any place on the line of the P., G. F. & C. R. R. or the Wolfeborough Branch R. R.; (4) or connect with or receive or deliver any express business from or to any express or stage running to any place on the line of said railroads,—and failing to carry out the above agreement, to forfeit to the plaintiffs the sum of $1,600.

Facts found by the court. One Brackett, in 1878, established an express business between Great Falls and Boston over the B. & M. R. R., and Meserve has been employed by him upon the road, at the price of $2 by the day, receiving and carrying express matter each way between Boston and Great Falls. The plaintiffs claim to recover $1,600 of the defendants. The defendants claim that there has been no breach of the agreement.

*W. D. Knapp* and *S. M. Wheeler*, for the plaintiffs.

*J. G. Hall, J. Smith,* and *Copeland & Edgerly*, for the defendants.

SMITH, J. If there has been any breach of the defendants' covenants, it is in the third particular stated in the agreement. Did Meserve, by entering into the service of Brackett at a stipulated price by the day, violate his agreement "not to do any express business" over any other road running to a place on the line of the plaintiffs' business? Contracts in general restraint of trade are void *(Mitchel* v. *Reynolds*, 1 P. W. 181; 1 Sm. L. C. 171*, 3d Am. ed. 367), but are upheld if limited in time or are partial in their operation, and supported by a sufficient consideration. *Perkins* v. *Clay*, 54 N. H. 518; *Taylor* v. *Blanchard*, 13 Allen 370. The law does not look with favor upon such contracts, because they

tend to discourage industry and enterprise, prevent competition, and expose the public to the evils of monopolies *(Alger* v. *Thacher,* 19 Pick. 51); for which reasons they are construed strictly. The intention of the parties, as gathered from the written instrument, seems to have been that the defendants should no longer carry on the express business on their own account over the plaintiffs' route, or over other roads to competing points on their line. It excludes them from interest or profit in the business, but there is no stipulation excluding them from personal employment in it in the service of another; and hence we think that entering the service of another as employé merely is not engaging in or carrying on the business of expressmen within the meaning of the agreement. *Harkinson's Appeal,* 78 Penn. St. 196 —*S. C.,* 21 Am. Rep. 9; *Turner* v. *Evans,* 2 De G. M. & G. 740; *Rawlinson* v. *Clarke,* 14 Mees. & W. 187, 191; High Inj., *s.* 743; *Clark* v. *Watkins,* 9 Jur. (N. S.) 142; *Allen* v. *Taylor,* 39 L. J. Ch. 627;—see, also, note to *Callahan* v. *Donnolly,* 13 Am. Rep. 175. Meserve did not become entitled to a share of the profits, nor did he render himself liable to pay any part of the losses of the Brackett Express Company, nor did he become responsible as a carrier for the loss of property. It does not appear that he was anything more than the merest servant of Brackett, or that any damage was sustained by the plaintiffs by reason of his engaging in Brackett's service. He did not become an expressman or common carrier, but the servant of one; and we do not think he can be said to have done any express business, within the meaning of the contract, from or to a competing point on the plaintiffs' line of business.

*Judgment for the defendants.*

CLARK, J., did not sit: the others concurred.